UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 04-65-DCR |
| Plaintiff/Respondent, ) | Civil Action No. 6: 08-7015-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| JOHNNY E. PINGLETON, ) | **AND ORDER** |
| ) | |
| Defendant/Petitioner. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant/Petitioner Johnny E. Pingleton's *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 206; London Criminal Case No. 6: 04-65-DCR] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on August 8, 2008. [Record No. 220] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Pingleton's motion be denied. Neither party has filed timely objections to the Magistrate Judge's Report and Recommendation.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

-1-

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal.  *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).  Nevertheless, having examined the record and having made a *de novo* determination, the Court is in complete agreement with the Magistrate Judge's Recommended Disposition.

Defendant/Petitioner Pingleton was convicted following a jury trial of conspiring to manufacture more that 50 grams of methamphetamine and using a minor to commit a drug offense in violation of 21 U.S.C. §§ 846 and 846(a)(1).  He was also convicted of possessing pseudoephedrine for manufacturing methamphetamine in violation of 21 U.S.C. § 841(c)(2).  Pingleton's subsequent 408 month sentence of imprisonment was affirmed by the Sixth Circuit on February 6, 2007.  Following an unsuccessful attempt to obtain review by the United States Supreme Court, Pingleton filed the current motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence.

As noted by the Magistrate Judge Wier, this motion attempts to re-litigate the same issues which were rejected by the Sixth Circuit. [*See* Record No. 220, p. 2.] And as the Magistrate Judge pointed out with respect to Pingleton's first and fourth arguments,

> The "constructive amendment" claim and Pingleton's last argument, alleging "prejudice," are no different from corresponding arguments in Pingleton's § 2255 motion.  Absent "highly exceptional circumstances," § 225 motions may not "relitigate" issues raised and decided adversely on appeal [citing *Jones v. United States,* 178 F.3d 790, 796 (6th Cir. 1999)]. . . . [However,] as it concerns the "constructive amendment" claim and the "prejudice" claim, the Court finds that collateral review would be inappropriate under *Jones.  See id.*

*Id.* at pp. 3-4.

The Magistrate Judge also thoroughly and correctly addressed Pingleton's two additional arguments which varied slightly from the issues presented to the Sixth Circuit. With respect to the assertion that inconsistent verdicts were returned because Defendant Rodefer was found not guilty of the conspiracy charge, the Magistrate Judge noted that this argument has been rejected by the Sixth Circuit and the United States Supreme Court. *See United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471 (1984), and *United States v. Clayton,* 357 F.3d 560 (6th Cir. 2004). [*See* discussion at Record No. 220, pp. 4-6.]

Finally, the Magistrate Judge rejected Pingleton's assertion that his sentence should be vacated or set aside because, according to Pingleton, the government witnesses were not credible and committed perjury. As Magistrate Judge Wier correctly noted concerning issues of credibility, the Sixth Circuit rejected this claim on direct appeal under the holding in *Jones v. United States,* 178 F.3d 790 (6th Cir. 1999). Further, the issue is not appropriate for collateral review. *United States v. Walker,* 638 F.2d 1147, 1149 (8th Cir. 1981). Likewise, Pingleton's perjury assertions fail as being unsupported by the record. [*See* discussion at Record No. 220, p. 7.]

In summary, the undersigned agrees with the Magistrate Judge's thorough analysis and reasoned conclusions. And because the claims asserted in his motion pursuant to § 2255 are clearly without merit, he has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing or a substantial showing of the denial of a constitutional right entitling him to a Certificate of Appealability. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 220] is **ADOPTED** and **INCORPORATED** by reference.

2. Pingleton's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 206] is **DENIED**.

3. A Certificate of Appealability shall not issue because Pingleton has not made a substantial showing of the denial of any substantive constitutional right;

4. The Court having resolved the issues raised by Pingleton on the merits, and finding that it is unnecessary to address the United States' motion to dismiss [Record No. 211], that motion is **DENIED**, as moot.

5. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 28th day of August, 2008.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge