UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | )<br>) | Criminal Action No. 6: 04-65-DCR |
| V. | )<br>)<br>) | |
| JOHNNY E. PINGLETON, | )<br>) | **MEMORANDUM OPINION<br>AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Johnny E. Pingleton's motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[1] [Record No. 270] Pingleton argues that his sentence should be reduced as a result of the recent changes to the drug tables in the United States Sentencing Guidelines, effective November 1, 2014. He is currently serving a term of imprisonment of 408 months based on his involvement in an

---

1    The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

extensive operation to manufacture methamphetamine.  For the reasons discussed below, Pingleton's motion will be denied.

Pingleton participated with three other defendants in manufacturing methamphetamine from January 2003 through April 2004.  On February 24, 2005, a Second Superseding Indictment was returned against Pingleton and one other defendant.  [Record No. 68]  Pingleton was charged in Count 1 with conspiring to manufacture 50 or more grams of methamphetamine, in Count 2 with attempting to manufacture 50 grams or more of methamphetamine, in Count 3 with using a person under eighteen years of age to attempt to manufacture 50 grams or more of methamphetamine, and in Count 4 with possessing pseudoephedrine to be used to manufacture methamphetamine.  Following a four-day jury trial, Pingleton was found guilty of all four Counts.  [Record No. 109]  Regarding Counts 1 and 2, the jury determined that Pingleton was responsible for 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  [*Id.*]

Pingleton was sentenced on July 26, 2005.  [Record No. 145]  Based on the quantity of drugs attributed to him, Pingleton's Base Offense Level for Counts 1 and 2 was calculated as 34.  However, his Base Offense Level was increased by six levels because the offense created a substantial risk of harm to the life of a minor.  This adjustment resulted in an Adjusted Offense Level of 40.  Pingleton's Adjusted Offense Level for Count 3 was determined to be 35, while his Base Offense Level for Count 4 was calculated as 34.  However, the Base Level for Count 4 was also increased based upon Pingleton's actions in creating a substantial risk of harm to the life of a minor, resulting in an Adjusted Offense

Level of 40.  Pursuant to U.S.S.G. § 3D1.2(b), Counts 3 and 4 were grouped together with Counts 1 and 2, because they involved the same victim and two or more acts or transactions connected by a common criminal objective.  As a result, the defendant's Total Offense Level for all offenses was determined to be 40. Combined with a Criminal History Category of VI, Pingleton's non-binding guideline range was found to be 360 months to life imprisonment.

When evaluating the sentence to be imposed, the Court carefully considered all relevant factors of 18 U.S.C. § 3553 including, *inter alia*, the serious nature of the offense, the need to avoid unwarranted sentencing disparities, the need to promote respect for the law, general and specific deterrence, and the need to impose a just punishment. [Record No. 163, pp. 26–27]  The Court determined that a sentence at the bottom end of the guideline range was not appropriate under the circumstances presented.  Instead, the defendant was sentence to a term of imprisonment of 408 months on each of Counts 1, 2, and 3, and a term of imprisonment of 240 months on Count 4, to be served concurrently with each other, for a total term of 408 months. [Record No. 151, p. 2]

The undersigned continues to believe that the sentence previously imposed is not greater than necessary to meet all statutory goals included in 18 U.S.C. § 3553(a).  The presence of children in this case highlights the detrimental impact these sorts of crimes have on communities throughout the Eastern District of Kentucky.  Here, some of the criminal activity occurred in a barn near a residence where five small children lived.  Further, the defendant was responsible for employing a thirteen-year-old to extract pseudoephedrine tablets out of pill packets to assist in the criminal conduct.  A reduced sentence would not provide sufficient protection for the public.  Likewise, it would not result in sufficient

specific or general deterrence.  Instead, a reduced sentence would unduly diminish the seriousness of Pingleton's criminal activity.  Further, the defendant has an extensive criminal history beginning at the age of eighteen which continued unabated through the instance offense.[2]  His continuous, illegal conduct demonstrates a complete lack of respect for the law.  Accordingly, it is hereby

**ORDERED** that Defendant Johnny E. Pingleton's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) [Record No. 270] is **DENIED**.

This 24th day of March, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

[2]   Pingleton's criminal history includes twenty-four different instances of criminal conduct, including multiple convictions involving controlled substances, unlawful takings, and forms of harassment.  It is simply too extensive to summarize here.