UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 04-65-DCR |
| V. | ) ) | |
| JOHNNY E. PINGLETON, | ) ) | **MEMORNANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Johnny Pingleton has submitted a letter to the clerk, filed on January 8, 2018, as a second motion seeking a reduction of his sentence. [Record No. 278] Pingleton outlines in the letter his addiction to methamphetamine which he blames for the commission of various crimes over an extended period of time. At the conclusion of the correspondence, the defendant acknowledges his guilt in this matter, purports to accept responsibility for his actions, and requests a reduced sentence in the range of 360 months. If granted, this would be an approximate four-year reduction from the sentence originally imposed in the case.

Pingleton's motion will be denied for two reasons. First, a party may not request a reduced sentence under 18 U.S.C. § 3582(c)(2), be denied relief, wait nearly three years, and then seek a reduction under the same statutory provision based on new or additional arguments. Second, even if the defendant's present request were not time barred, it would be denied as lacking in merit.

As Chief Circuit Judge Easterbrook of the Seventh Circuit has explained, prior to the Sentencing Reform Act of 1984, district judges could reduce sentences within 120 days of

the final appellate decision. However, the 1984 Act converted the federal system to one of determinate sentences, with district courts losing continuing authority to modify a term of incarceration once it is imposed. *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011). This rule is subject to two general exceptions. The first exception is contained in Rule 35 of the Federal Rules of Criminal Procedure which allows a district court to fix an arithmetical, technical, or other clear error within fourteen days. Rule 35 also extends jurisdiction to the district court to address a prosecutor's motion to reduce a sentence for substantial assistance in the investigation and/or prosecution of others. A motion for substantial assistance under Rule 35 is not subject to the fourteen-day limitation contained in subsection (a) of the rule. *Id*. at 650-651.

The second exception is reflected in 18 U.S.C. § 3582(c)(2). This exception allows a district court to lower a previously-imposed term of incarceration when the United States Sentencing Commission makes a retroactive reduction to a relevant guideline range. Under this scenario, the district judge is limited to implementing the Commission's changes. However, as Judge Easterbrook explained in *Redd*, the text of § 3582(c)(2) "does not suggest that prisoners are entitled to more than one opportunity to request a lower sentence, for any given change in the Guideline range. Once the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive." *Id*. at 651. Otherwise, § 3582(c)(2) could be used to undermine the basis of the determinate-sentence system currently in place.

And while Pingleton is forclosed from filing a second motion under § 3582(c)(2), any argument that he is seeking reconsideration of the Court's denial of his 2015 motion is time-

barred. "Only a motion filed within the time for appeal acts as a genuine request for reconsideration." *Id.* Pingleton had 14 days following the Court's 2015 denial of his first motion seeking relief under 18 U.S.C. § 3582(c)(2) to move for reconsideration of the Court's earlier decision. His current motion simply cannot be deemed timely under the facts presented.

Pingleton's first § 3582(c)(2) motion was filed on March 23, 2015, and denied the following day. [Record Nos. 270 and 271] The docket sheet reflects that the Court's opinion was returned as undeliverable on April 7, 2015. Pingleton requested a copy of the docket sheet (which reflected the denial of his motion) on June 15, 2015. [Record No. 273] That copy was mailed to Pingleton at the new address provided on the same date. Thereafter, by letter filed with the Clerk on May 4, 2016, Pingleton requested another copy of the Court's May 24, 2015, Memorandum Opinion and Order which denied relief under 18 U.S.C. § 3582(c)(2). The requested opinion was again mailed to Pingleton on the date his request was received. At no time did Pingleton seek to appeal this Court's earlier decision or seek reconsideration of it.

In addition to being an improper second motion and/or time-barred, Pingleton's motion fails on the merits. As the Court explained previously, Pingleton participated with three other defendants in manufacturing methamphetamine from January 2003 through April 2004. He was charged in Count 1 with conspiring to manufacture 50 or more grams of methamphetamine, in Count 2 with attempting to manufacture 50 grams or more of methamphetamine, in Count 3 with using a person under eighteen years of age to attempt to manufacture 50 grams or more of methamphetamine, and in Count 4 with possessing

pseudoephedrine to be used to manufacture methamphetamine. Pingleton was found guilty on all counts following a four-day jury trial. [Record No. 109] Pingleton was sentenced on July 26, 2005. [Record No. 145] His total offense level for all offenses under the United States Sentencing Guidelines was determined to be 40 based, in part, on the fact that his actions created a substantial risk of harm to a minor. Combined with a Criminal History Category of VI, Pingleton's non-binding guideline range was determined to be 360 months to life imprisonment. He received a sentence of 408 months.

When evaluating the sentence to be imposed, the Court previously considered all relevant factors of 18 U.S.C. § 3553 including, *inter alia*, the serious nature of the offense, the need to avoid unwarranted sentencing disparities, the need to promote respect for the law, general and specific deterrence, and the need to impose a just punishment. [Record No. 163, pp. 26–27] A sentence at the bottom of the guideline range would not be appropriate under the circumstances presented.

To repeat the Court's earlier comments: the presence of children in this case highlights the detrimental impact these sorts of crimes have on communities throughout the Eastern District of Kentucky. A reduced sentence would not provide sufficient protection for the public. Likewise, it would not result in sufficient specific or general deterrence. Instead, a reduced sentence would unduly diminish the seriousness of Pingleton's criminal activity.

The defendant has an extensive criminal history beginning at the age of eighteen which continued unabated through the instance offense. Pingleton's Presentence Investigation Report reflects twenty-four different instances of criminal conduct, including multiple convictions involving controlled substances, unlawful takings, and forms of

harassment. His continuous, illegal conduct demonstrates a complete lack of respect for the law.

Pingleton's acknowledgment of guilt comes too late to have any impact on the sentence he should serve: approximately 13 years too late. And his attempt to blame others is of no consequence for purposes of evaluating the present motion. Pingleton has exhausted all direct appeals and collateral attacks. And nearly three years ago, he has sought the same relief that is now being requested. [Record No. 270] That attempt was unavailing then and it is equally unavailing now. As discussed above, the Court does not have continuing authority to modify a term of imprisonment because a defendant belatedly realizes the seriousness of his actions. And although Pingleton was entitled to file one motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), he is not entitled to more than one opportunity to request a lower sentence for any given change in the Guideline range. *Id.* at 651. In any event, the undersigned continues to believe that the sentence previously imposed is not greater than necessary to meet all statutory goals and objectives of 18 U.S.C. § 3553(a).

Accordingly, it is hereby

**ORDERED** that Defendant Johnny Pingleton's recent correspondence, docketed by the Clerk as a second motion for a sentence reduction under Amendment 782 to the United States Sentencing Guidelines [Record No. 278], is **DENIED**.

This 9th day of January, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge